EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:21-cv-14309-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

    Plaintiff,

v.

TONY TAYLOR a/k/a ANTHONY TAYLOR
a/k/a A-1 AUTO TRANSPORT, INC. a/k/a
AUTO TRANSPORT BROKER LEADS and
TAYLOR ONLINE MARKETING.COM, INC.

    Defendants.

_____

**DECLARATION OF ROBERT STEVENS**

Robert Stevens does hereby declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

2. I reside in Indian River County, Florida. I am an experienced professional photographer and make a living from photography. Through plaintiff Affordable Aerial Photography, Inc. ("AAP"), I provide high-end real estate photography services to real estate brokers and agents in South Florida.

3. I am AAP's principal photographer and its founder. My work is sought after by real estate professionals throughout South Florida. For over a decade, I have photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, I have been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg

Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumble and Chris Evert.

4. The techniques that I use are difficult to execute effectively because I generally take aerial photographs using a specialized balloon that I developed over years through trial and error. My photos are made using special aerial photography capture techniques that employ a balloon to capture photographs from angles that would not otherwise be possible because of FAA compliance restrictions using any other air vehicle beside a balloon.

5. I created a photograph as identified in the table below, which is also shown below referred to herein as the "Work."

| Copyright Title | Registration Number | Registration Issue Date | CMI |
|---|---|---|---|
| Jupiter Inlet 1 AAP 2009, Oct. 29, 2009 | VA 1-967-719 | 07/07/15 | Yes |



6. I registered the Work with the Register of Copyrights on July 7, 2015 and was assigned the registration number VA 1-967-719. The certificate of Registration is attached hereto as **Exhibit A**.

7. AAP owns all rights, title, and interest, including copyrights, in and to the Work by nature of both written assignment by me to AAP and by nature of the fact that the Work was work for hire taken on behalf of AAP.

8. Significant technical attributes were required to make the Work including; inventing and hand-making a custom balloon gantry to house a Canon digital camera, retrofitting a remote controlled gyro-platform to a custom made gantry for the purpose of camera movement, installing an aerial video link to focus and direct the camera shot from the ground, monitoring the

environment with regard to atmospheric conditions, cloud cover, wind speed, wind direction, and precipitation; extensive image location scouting to identify potential photo locations, angles, elevations, accessibility, and security issues; obtaining extensive authorizations to secure access to private property; and using advanced photo exposure control, both in-camera and via post-production software, to ensure a common brightness, contrast, clarity, color temperature, color saturation, color tonality, and image noise reduction among other factors.

9. The Work is scarce not only due to its high quality but also the unique techniques applied to achieve such amazing results.

10. The typical range of fees I would charge for the type of non-exclusive commercial use involved in this lawsuit (meaning use for purposes of advertising or promoting the licensee's business) and displaying on the internet of one of my copyrighted photographs similar in quality and popularity to the Work is approximately $1,500 per year, per photograph. I do not pro-rate my licensing fees by the amount of months/days that any particular work is actually utilized.

11. On a date after the copyright registration of the Work, Defendants copied the Work without my permission and used them to advertise and promote their auto shipping business. Screenshots showing Defendants' infringement is attached hereto as **Exhibit B**.

12. Defendants have never been licensed to use the Work for any purpose.

13. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote their business.

14. I discovered Defendant's unauthorized use/display of the Work in July 2021. AAP is a small business operated by me. I spend most of my days in the field on assignment taking photographs or editing such photographs prior to providing such to my clients. I have taken thousands (if not tens of thousands) of photographs that have been published online over the years,

and I endeavor on an ongoing basis to utilize reverse image search tools (such as those available at www.google.com, www.bing.com, www.tineye.com) to search for a rotating sub-set of my photographs that may be illegally/improperly published by non-licensees. Given the volume of photographs that I have taken and the fact that the majority of my time is dedicated to taking professional photographs for my clients, I was reasonably unable to discover Defendants' improper use of the Work prior to July 2021 when their use appeared in one such reverse image search.

15. Through my counsel, I notified Defendants of the allegations set forth herein in July 2021. To date, I have been unable to resolve the dispute and Defendants have offered nothing to compensate AAP for the use of the Work.

16. Had Defendants hired AAP to create and license the Work and to reproduce and display the Work on their website, I would have charged at least $1,500 per year to use the photograph for the type of commercial use at issue.

17. The ability of the Defendants to reproduce, modify, distribute and display the copyrighted Work for their own commercial benefit without compensation to me greatly impairs the market value of the Work since others competing with that business, or in related business areas, will not want to obtain a license to my Work if they are already associated with a competing business. Similarly, potential licensees of my copyrighted photographs will not want to pay my license fees if they see other commercial enterprises taking and using my photographs for its own commercial purposes without paying any fee at all.

18. The Work has lost significant value to its scarcity by the widespread and continuing dissemination resulting from Defendants' infringement.

19. 20. When I publish my works, including those at issue here, I include Copyright Management Information ("CMI") in the form of a copyright notice/watermark applied to either

the bottom left or bottom right corner thereof. Here, the Work contains my CMI watermark.

21. In addition to reproducing and displaying my photograph without permission, Defendants removed my copyright notice in an attempt to cover up their infringement and facilitate others to commit further infringements.

22. The removal of my copyright management information eliminated my right and ability to control the use and transmission of the Work and made it vulnerable to becoming an orphan work.

23. The removal of my copyright management information interfered with my actual and prospective relationships with clients who might otherwise compensate me for the licensed use of the Work.

24. The removal of my copyright management information prevents me from granting any broadly exclusive license in the Work to a third party, and even in the event that a third party does not require an exclusive license, few such clients would consider licensing my image for use in connection with services similar to those provided by the Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: September 24, 2021.

_____
Robert Stevens

*[Notary signature and seal: Ben C Saltz, Notary Public - State of Florida, Commission # HH 146049, My Comm. Expires Jul 9, 2025, Bonded through National Notary Assn.]*

# Certificate of Registration



**EXHIBIT "1"**



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-967-719**

**Effective Date of Registration:**
July 07, 2015

## Title

**Title of Work:** Group Registration Photos, Selected 2009 Photographs Including Tesoro Club, Esplande Grande, Ocean Trail, Resort at Singer Island and Others published Feb. 3, 2009 to Oct. 29, 2009; 44 photos

**Content Title:** Tesoro Club Night A 2009 AAP, Feb. 3, 2009; Esplanade Grande Boat 2009 AAP, Feb. 3, 2009; Ocean Trail Way pool 2 AAP 09, Feb. 8, 2009; Ocean Trail Way Lobby AAP 09, May. 8, 2009; Tesoro Club Night A 2009 AAP, May. 14, 2009; Tesoro Club Night A 2009 AAP, May. 14, 2009; Tesoro Club Night A 2009 AAP, May. 14, 2009; Ocean Trail Way social room AAP 09, May. 8, 2009; Ocean Trail Way Gym 1 AAP 09, May. 8, 2009; Ocean Trail Way pool 1 AAP 09, May. 8, 2009; Ocean Trail Way Beach Stairs AAP 09, May. 8, 2009 Ocean Trail Beach Access AAP 09, May. 8, 2009; Ocean Trail Way Tennis AAP 09, May. 8, 2009; Jupiter Lighthouse Palm 2009 AAP, May. 8, 2009; Jupiter Lighthouse sunset D 2009 AAP, May. 8, 2009; Jupiter Lighthouse sunset AAP 2009, May. 8, 2009; Ocean Trail Full Moon 1 AAP 09, May. 8, 2009; Ocean Trail Full Moon 3 AAP 09, May. 8, 2009; Ocean Trail Full Moon 2 AAP 09, May. 8, 2009; Jupiter Lighthouse AAP 09, May. 8, 2009; Ocean Trail Aerial 40 AAP 09, May. 12, 2009; Ocean Trail Aerial 50 AAP 09, May. 12, 2009; Ocean Trail Aerial 60 AAP 09, May. 12, 2009; Ocean Trail Aerial 10 AAP 09, May. 12, 2009; Ocean Trail Aerial 20 AAP 09, May. 12, 2009; Ocean Trail Aerial 30 AAP 09, May. 12, 2009;



Rapallo West Palm aerial A 2009 AAP, Jun. 18, 2009; Tesoro Club Aerial B 2009 AAP, Jun. 20, 2009; Tesoro Club Aerial A 2009 AAP, Jun. 20, 2009;Flagler Museum aerial A 2009 AAP, Jun. 27, 2009; Tesoro Club Fountain 2009 AAP, Jun. 28, 2009; Admiral's Cove Pano A 2009 AAP, Aug. 4, 2009; Slade Building aerial a 2009, Aug. 5, 2009; Palm Beach Condos sunrise 2009 AAP, Aug. 21, 2009; Ritz Carlton Game Room D 2009 AAP, Aug. 27, 2009; Resort at Singer Island theater C 2009 AAP, Aug. 27, 2009; Resort at Singer Island theater D 2009 AAP, Aug. 27, 2009; Resort at Singer Island pool B 2009 AAP, Aug. 28, 2009;Ritz Carlton spa 2009 AAP, Aug. 28, 2009; Ritz Carlton bar 2009 AAP, Aug. 28, 2009; Resort at Singer Island Fitness 2009 AAP, Aug. 28, 2009; Juno Beach 33, Sept. 26, 2009; West Palm Beach skyline C 2009 AAP, Oct. 24, 2009; Jupiter Inlet 1 AAP 2009, Oct. 29, 2009; Juno Beach Pier AAP 09, Oct. 29, 2009; Tesoro Club Aerial C 2009 AAP, Oct. 29, 2009; Tesoro Club Aerial D 2009 AAP, Oct. 29, 2009;

## Completion/Publication

**Year of Completion:** 2009
**Date of 1st Publication:** February 03, 2009
**Nation of 1st Publication:** United States

## Author

- **Author:** AFFORDABLE AERIAL PHOTOGRAPHY, INC.
  **Author Created:** photograph
  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** AFFORDABLE AERIAL PHOTOGRAPHY, INC.
1123 Melinda Ln, Haverhill, FL, 33417

## Certification

**Name:** Robert Stevens
**Date:** July 07, 2015

*0000VA0001967719020202*





EXHIBIT "2"





