## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 2:21-cv-14309

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

     Plaintiff,

v.

TONY TAYLOR,
a/k/a ANTHONY TAYLOR,
a/k/a A-1 AUTO TRANSPORT, INC.,
a/k/a AUTO TRANSPORT BROKER LEADS, and
TAYLOR ONLINE MARKETING.COM, INC.,

     Defendants.
_____

### DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Tony Taylor and Taylor Online Marketing.com, Inc., by and through their attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. Fed. R. Civ. P. 7 and 12, files this, their Joint Answer and Affirmative Defenses to the plaintiff's Complaint [ECF No. 1]:

### ANSWER

Solely for the purpose of avoiding unnecessary expense and simplifying this action, the defendants do not contest liability with regard to Counts 1 and 3, subject to their affirmative defenses, although they nevertheless include the following specific responses to the allegations contained in the Complaint. By not contesting liability, plaintiff nevertheless retains the burden of proving damages at trial.

Defendants admit the truth of the allegations contained in Paragraphs 1-4 of the Complaint, but expressly deny any wrongdoing or infringement that might be implied by the allegations.

Defendants deny the allegations contained in Paragraphs 5-7 of the Complaint.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 8-15, 34, 38, and 46 of the Complaint and therefore deny same.

Defendants admit the allegations contained in Paragraphs 16-20, 22-25, 27-31, 33, 37, 42, 43, 45, 47, 48, and 65.

Defendants deny the allegations contained in Paragraphs 21, 32, 35, 39, 40, 44, 49-55, 57-62, and 66-68.

With regard to Paragraph 26 of the Complaint, defendants deny that they publish all content on the subject websites. Defendants admit the remaining allegations of the complaint.

With regard to Paragraph 36 of the Complaint, defendants admit they did not contact the plaintiff to seek permission to use the photograph. Defendants deny that the photograph was copied with a clear display of plaintiff's copyright management information or that they were on notice that the photograph was not intended for public use.

Paragraphs 41, 56, and 63 of the Complaint are re-incorporation paragraphs, for which defendants re-adopt their responses. Similarly, Paragraph 64 simply pleads Count 3 in the alternative, and therefore defendants deny the allegation.

Defendants deny that plaintiff is entitled to any relief whatsoever in this action.

Defendants specifically deny all allegations, if any, and conclusions of law, if any, to which they did not specifically respond in this Answer to plaintiff's Complaint.

## DEFENSES

**Defense 1 – Statute of Limitations (all counts).** Plaintiff's claims are barred in whole or in part by the operation of the statute of limitations. 17 U.S.C. § 507(b). Furthermore, any damages cannot exceed three years prior to the date on which the lawsuit was brought. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) (holding that a plaintiff may obtain "relief running only three years back from the date the complaint was filed").

**Defense 2 – Actual Damages are Limited to Objective Market Value (Counts 1 and 3).** Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the photograph, based on prevailing market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001).

**Defense 3 – Innocent, Good Faith Use (Counts 1 and 3).** Plaintiff's damages are barred, in whole or in part, because, upon information and belief, plaintiff failed to affix sufficient, if any, notice to the photograph. 17 U.S.C. § 401; 37 C.F.R. § 202.2(c). Defendants have not willfully infringed any intellectual property or other rights owned by plaintiff and because defendants have acted in good faith and without any intention of injuring plaintiff.

**Defense 4 – Innocent Violation (Count 2).** Plaintiff's damages are barred, in whole or in part, because, upon information and belief, plaintiff failed to affix sufficient, if any, notice to the photograph. 17 U.S.C. § 1203(c)(5)(A). Defendants did not knowingly

remove any copyright management information, and defendants were not aware and had no reason to believe that their acts constituted a violation.

**Defense 5 – De Minimis Use (Counts 1 and 3).** Plaintiff's damages are barred, in whole or in part, because defendants' use, if any, of any element of the photograph in which plaintiff alleges a copyright interest was *de minimis*.

**Defense 6 – Copyright Troll (all counts); Frivolous Count 2.** On information and belief, a considerable portion of plaintiff's business is suing on dubious claims of copyright infringement and frivolous removal of copyright management information ("CMI") under 17 U.S.C. § 1202. Plaintiff improperly leverages the cost of defending a lawsuit to extract settlements, settlements representing supra-competitive profits than what a competitive market would otherwise bear. On information and belief, plaintiff routinely alleges excessive licensing fees in its settlement demands and in its court filings than it has actually obtained through any arms-length transaction with a willing buyer (licensor) of plaintiff's images. Plaintiff has filed an estimated 90 or more similar copyright infringement lawsuits, demonstrating a pattern of extortionary and vexatious litigation with thin, if any, support.

Plaintiff also intentionally minimizes the CMI it applies to its works, including a "watermark" of infinitesimally small typeface on the lower left corner of its photographs.

Defendants further argue that Count 2 of the Complaint was brought in bad faith and is knowingly frivolous. Furthermore, Robert Stevens' declaration alleging he has firsthand personal knowledge that "Defendants removed my copyright notice in an attempt to cover up their infringement and facilitate others to commit further

infringements" is without any factual support or actual personal knowledge, and therefore active conduct in furtherance of plaintiff's frivolous claim of CMI removal.

Defendants have incurred the expense of engaging counsel to defend against this claim and therefore seek their reasonable attorney's fees pursuant to 17 U.S.C. § 1203(b)(5). Plaintiff could, though it did not, determine whether the subject photograph uploaded by Agent McGinnis or his real estate company had cropped or otherwise remove the alleged copyright management information.

<u>Defendant's Prayer for Relief</u>

WHEREFORE, defendants Tony Taylor and Taylor Online Marketing.com, Inc. pray for judgment as follows:

a)      that plaintiff takes nothing and the Court dismiss the Complaint with prejudice;

b)      that the Court enter judgment that defendants are the prevailing parties;

c)      that the court deny plaintiff's request for attorney's fees under all counts for plaintiff's bad faith in prosecuting the action and seeking extortionary settlement demands;

d)      that the Court award defendants their full costs, including reasonable attorney's fees, against plaintiff pursuant to 17 U.S.C. §§ 505 and 1203(b)(5); and

e)      that the Court award any and all other relief to which defendants may be entitled.


Dated: May 19, 2022.

                                   __/s/ Griffin Klema_____
                                   Griffin C. Klema, Esq.

Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants